UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In Re:                                                              Chapter 13

Delphin B. Sanchez,                                         Case No. 811-72686-A736

       Debtor

----------------------------------------------------------X

Delphin B. Sanchez,                                         Adv. Pro. No.

       Plaintiff,

   -against-                                                    COMPLAINT

Wells Fargo Bank, N.A.,

       Defendant.
----------------------------------------------------------X

       Delphin B. Sanchez ("Debtor"), by his attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court as follows:

       1.    This action arises under 11 U.S.C §§ 105, 506(a), 506(d), 522(f), 1322(b)(2) and Rules 3012 and 7001 of the Federal Rules of Bankruptcy Procedure.

       2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 105, 157, and 1334, and Rules 3012 and 7001 of the Federal Rules of Bankruptcy Procedure as this action arose in and under the pending Chapter 13 case of Delphin B. Sanchez.

       3.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and 28 U.S.C. § 1334.

       4.    This is an action for the determination that the Second Mortgage, as defined herein, is wholly unsecured and is void as a lien upon the Debtor's real property pursuant to 11 U.S.C. § 506(a) and (d).

5.  At all relevant times herein, the Debtor has been a domiciliary of the State of New York, residing at 616 Leonard Avenue, Uniondale, New York 11553.

## FACTUAL ALLEGATIONS

6.  On or about April 20, 2011 (the "Petition Date"), a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition") was filed on behalf of the Debtor.

7.  The Debtor is the sole owner in fee of 616 Leonard Avenue, Uniondale, New York 11553 ("Premises").

8.  The Debtor resides at the Premises.

9.  Upon information and belief, on or about January 2, 2003, the Debtor executed and delivered to Chase Home Finance LLC, a promissory note and mortgage in the principal amount of $140,000.00 ("Note No. 1").

10. The Debtor's repayment obligation to Chase Home Finance LLC, under Note No. 1 is secured by a first mortgage ("First Mortgage") on the Premises.

11. Upon information and belief, on or about September 15, 2009, the Debtor executed and delivered to Wells Fargo Bank a promissory note and mortgage in the principal amount of $235,000.00 ("Note No. 2").

12. The Debtor's repayment obligation to Wells Fargo Bank under Note No. 2 was secured by a second mortgage ("Second Mortgage") on the Premises.

13. Upon information and belief, as of the Petition Date, the outstanding principal balance on the First Mortgage was $136,695.05.

14. Upon information and belief, as of the Petition Date, the outstanding principal balance on the Second Mortgage was $237,000.00.

15. As of April 1, 2011, the fair market value of the Premises is no more than $135,000.00.

16. Upon information and belief, as of the Petition Date, there is no equity or value in the Premises to support the Defendant's Second Mortgage lien.

AS AND FOR A FIRST CLAIM FOR RELIEF
FOR AN ORDER DETERMINING THAT DEFENDANT'S
SECOND MORTGAGE IS WHOLLY UNSECURED
<u>PURSUANT TO 11 U.S.C. SECTION 506(a)(1)</u>

17. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "17" of this Complaint as though fully set forth at length herein.

18. Upon information and belief, the Premises is fully encumbered by the First Mortgage held by Chase Home Finance LLC.

19. Upon information and belief, the value of the Premises is less than the amount owed on the First Mortgage.

20. Upon information and belief, there is no equity or value in the Premises for which any portion of the Second Mortgage lien held by Defendant may attach.

21. By reason of the foregoing, Defendant's Second Mortgage is wholly unsecured pursuant to 11 U.S.C. 506(a)(1).

AS AND FOR A SECOND CLAIM FOR RELIEF
FOR AN ORDER DETERMINING
DEFENDANT'S SECOND MORTGAGE
LIEN VOID IN ITS ENTIRETY
PURSUANT TO 11 U.S.C. SECTION 506(d)

22. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "21" of this Complaint as though fully set forth at length herein.

23. Upon information and belief, the Second Mortgage lien secures a claim against the Debtor that is not an allowed secured claim.

24. By reason of the foregoing, the Defendant's Second Mortgage is void pursuant to 11 U.S.C. 506(d).

AS AND FOR A THIRD CLAIM FOR RELIEF
FOR AN ORDER TO VOID THE JUDGMENT LIEN
UNDER SECTION 522(f) OF THE BANKRUPTCY CODE

25. Plaintiff repeats and realledges each and every allegation contained in Paragraphs "1" through "24" of this Complaint as though fully set forth at length herein.

26. On June 14, 2010, the Defendant obtained a monetary judgment against the Plaintiff in the sum of $248,157.00 and that Judgment was entered in the Supreme Court of the State of New York, County of Nassau, Index No. 601553/09.

27. The Judgment entered by the Defendant impairs the Debtor's homestead exemption.

28. Pursuant to Section 522(f) of the Bankruptcy Code, the Judgment should be deemed void.

29. The Plaintiff request the entry of a Judgment pursuant to Section 11 U.S.C. Section 522(f) voiding the Judgment obtained by the Defendant and recorded in the Nassau Clerk's Office on June 14, 2010.

WHEREFORE, the Plaintiff respectfully requests that this Court enter Judgment as follows:

    a. as to the First Claim for Relief, determining that Defendant is wholly unsecured with respect to the Second Mortgage pursuant to 11 U.S.C. 506(a);

    b. As to the Second Claim for Relief, determining that Defendant's Second Mortgage is void pursuant to 11 U.S.C. 506(d);

    c. As to the Third Claim for Relief, determining that Defendant's Judgment of June 14, 2010 in the sum of $248,157.00 is void; and

    d. for such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
April 25, 2011

Weinberg, Gross & Pergament LLP
Attorneys for Plaintiff

By: _____
Marc A. Pergament
400 Garden City Plaza, Suite 403
Garden City, New York 11530